IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:23cr184-MHT |
| | ) | (WO) |
| ALONZO PERRYMAN | ) | |

OPINION

This case is now before the court on defendant
Alonzo Perryman's appeal of the pretrial detention
order entered by a United States Magistrate Judge after
a hearing.  Following Perryman's arrest, the magistrate
judge held a hearing and ordered Perryman detained
pending trial.  Pursuant to 18 U.S.C. § 3145(b),
Perryman moved this court to review the magistrate
judge's detention order and revoke that order.

The court reviewed the transcript and evidence
presented at the initial detention hearing, received
additional evidence at a hearing on August 9, 2023,
heard additional argument, and conducted an independent

and de novo review of the detention issue.  For the following reasons, the court found that Perryman can be released with a combination of conditions that will reasonably ensure his appearance and the safety of all others and the community.  The court therefore ordered that he be released pending trial.

## I.   LEGAL FRAMEWORK

When the government seeks to detain a defendant pending trial, the court must determine whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  The burden is on the government to prove, with clear and convincing evidence, that no conditions of release will reasonably assure the safety of the community, *see* 18 U.S.C. § 3142(f); or, alternatively, to prove by a preponderance of the evidence that the defendant poses a risk of flight,

*see United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988) (applying preponderance standard to determination of risk of flight).  Courts have "substantial latitude in determining whether pretrial detention is appropriate."  *Id.* at 487.

However, in certain types of cases, the defendant must overcome, and the court must consider as evidence, a rebuttable presumption that detention is appropriate.  *See id.* at 487-88; 18 U.S.C. § 3142(e)(2) & (3).  The rebuttable presumption "imposes only the burden of production on ... [the defendant] and does not shift the burden of persuasion concerning risk of flight and dangerousness.  *King*, 849 F.2d at 488.  Even when a defendant rebuts the presumption, it remains in the case, and is treated as evidence that the court must evaluate along with the other evidence to determine whether clear and convincing evidence establishes that the defendant cannot be released with conditions.

3

When assessing whether pretrial detention is necessary, the court must consider four factors: "(1) the nature and circumstances of the offense charged...; (2) the weight of evidence against the person; (3) the history and characteristics of the person, including [but not limited to] ... the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings...; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g). Danger to the community is read broadly to include "the danger that the defendant might engage in criminal activity to the detriment of the community." *King*, 849 F.2d at 487 n.2.

4

## II. DISCUSSION

Perryman is charged with seven counts: (1) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (3) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); (5) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (6) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k); and (7) maintaining a drug premises, in violation of 21 U.S.C. § 856(a)(1). A rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community [applies] if the judicial officer finds that there is probable cause to believe

5

that the person committed ... an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."  18 U.S.C. § 3142(e)(3)(A).   It is undisputed that this rebuttable presumption applies here, and the court so finds, based on the charges for possession with intent to distribute cocaine and methamphetamine, each of which carries a maximum term of 20 years' imprisonment.  *See* 21 U.S.C. § 841(b)(1)(C).

Because this rebuttable presumption applies, Perryman faced a burden of production to show that a condition or combination of conditions will reasonably assure his appearance as required and the safety of any other person and of the community.  He clearly has met this burden.  Among other evidence, Perryman points the testimony of the probation officer who, after undertaking a careful consideration of all relevant factors, recommended that Perryman be released on an

6

unsecured bond with conditions. *See* Pretrial Services Report (Doc. 12-3). The court found this testimony persuasive, and that this evidence alone met the burden of production. Thus, the government had to persuade the court, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

In support of the government's position, the court considered as evidence the rebuttable presumption that Perryman should be detained based on his offenses carrying a maximum term of more than ten years. The court also considered all evidence submitted about the charges against him, including but not limited to the evidence of controlled buys and the items found during the search of Perryman's home, including significant amounts of several kinds of illegal drugs, and 12 firearms, some of which were placed around his house, and some of which were in a duffel bag. The court

7

considered the guns and drugs as evidence of both danger to the community and risk of flight. (Though, today, it appears that having a sizable number of guns is more widespread and not, in and of itself, as surprising and unusual than in the past.) The court further considered that Perryman has a criminal record and a lengthy history of substance abuse, and that without treatment and control, he is at high risk to return to abusing illegal substances. The court also notes that in 2006, he had a delinquency report filed for using marijuana and cocaine while on probation.

However, the evidence did not rise to the level of clear and convincing evidence that Perryman could not be released with conditions to ensure his appearance and the safety of the community, for the following reasons. First, when he was arrested in this case, Perryman had already been arrested by the State and released on bond for the same offenses with which he is now charged federally. He did not violate the terms of

8

his release after his state arrest. Moreover, the
State dismissed his charges before he was arrested on
federal charges, leaving him unsupervised for a period.
Yet, when arrested on federal charges, he was not found
to possess drugs or guns. This is strong evidence that
Perryman can be trusted to abide by the conditions of
release, appear in court as required, and that his
release would not endanger the community.

Second, when arrested by both the State and federal
authorities, Perryman was cooperative and readily
admitted wrongdoing during questioning. This reflects
a willingness to accept the consequences of his
actions, and that he will appear as required in the
future. The court is not convinced that he is a 'big
time' drug dealer, of the type who have appeared before
the court in the past.

Third, Perryman has no violent conduct in his
history. There is no evidence that he used or
brandished the weapons that he is charged with

9

possessing or that he resisted arrest. A criminal records check performed by probation revealed no convictions or even arrests for violent conduct. His only convictions are for thefts of property in 2006.

As to Perryman's substance abuse and mental health, the court heard extensive testimony from Dr. Ginny Chan, a clinical psychologist. She found that he is suffering from significant mental-health issues, including depressive symptoms, suicidal ideation, high levels of anxiety, and symptoms of post-traumatic stress disorder, in addition to his substance abuse. She recommended that he receive intensive substance-abuse treatment as soon as feasible so that the symptoms of his substance abuse can be distinguished from the symptoms of mental illness and an accurate and effective mental-health treatment plan can be established. She also indicated that treating his substance abuse and mental health will better allow

him to make the stressful decisions he faces in this case, and hopefully reduce his suicidal ideations.

The court is convinced that it is in both society's and Shannon's interests that, should Shannon receive a prison sentence, he will enter the prison environment with his mental-health and drug-addictions issues already being addressed. In fact, information about whatever assessments and treatments he receives now can be forwarded to prison officials for their use in deciding how to treat him as a prisoner in general as well as in counseling him about which rehabilitative prison programs he should choose.

While there is some risk that Perryman could attempt to leave the treatment program, the court was persuaded that the risk is not great, that conditions can be imposed that will ensure Perryman and the safety of the community, and that providing treatment now is in the interest of justice.

11

In sum, considering all of the evidence and argument, the court was persuaded that Perryman could be released with conditions.

DONE, this the 10th day of August, 2023.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE