IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:23cr184-MHT
                            )           (WO)
ALONZO PERRYMAN             )
```

ORDER

This cause is before the court on defendant Alonzo Perryman's unopposed motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for September 11, 2023, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

>officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any period of delay resulting from a continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting a continuance under subsection (h)(7)(A), the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Perryman in a speedy trial. Perryman cannot complete his court-ordered substance

abuse treatment before his scheduled trial date. His counsel also represents that Perryman requires additional mental-health treatment once the initial substance-abuse treatment ends before he can participate fully in his defense. The court sees no evidence of a lack of diligence on counsel's part. A continuance is necessary to allow sufficient time for Perryman to undergo the mental-health treatment necessary for him to make important decisions for his defense and for defense counsel to prepare for trial. Moreover, the government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The unopposed motion to continue trial (Doc. 38) is granted.

(2) The jury selection and trial, now set for September 11, 2023, are reset for February 5, 2024, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson,

3

Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 23rd day of August, 2023.

                          /s/ Myron H. Thompson
                      UNITED STATES DISTRICT JUDGE